UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY R. PETROZZI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-02081 (UNA) |
| v. ) | |
| ) | |
| MURIEL BOWSER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application and, for the reasons discussed below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an action "at any time" if it determines that it is frivolous or malicious.

As background, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Plaintiff, who has provided only a general delivery address in contravention of D.C. Local Civil Rule 5.1(c)(1), sues an assortment of Defendants, including the Mayor of the District of Columbia, the Metro Police Department and some of its officers, a federal judge, several federal officials and agencies, and a grocery store chain, *see* Compl. at 1–3. He has also sought leave to amend the Complaint, *see* Motion, ECF No. 3, seeking to add yet additional defendants, though

raising no specific claims against them, bringing the grand total to approximately 146, with "more to come," *see id.* at 1. The Complaint totals 129 pages, and consists of rambling, disconnected, and incomprehensible allegations, derived from Plaintiff's belief in multiple conspiracies executed against him "to commit murder, color of law, treason, cyber crime, hacking phishing, commandeering state and federal resources to commit crimes against humanity relative to genocide." *See* Compl. at 3; *id.* at 4–19. He demands equitable relief and "800 duodecillion" in damages. *See id.* at 20. The remainder of the Complaint consists largely of profane exhibits, ECF No. 1-1, that are completely inessential to the action, *see* D.C. LCvR 5.1 (e), (g), and the Court thus strikes them, *see* Fed. R. Civ. P. 12(f)(1).

Simply put, the Court cannot exercise subject matter jurisdiction over a frivolous or malicious complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As a result, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint falls squarely into this category and fails to state a claim for relief or establish this Court's jurisdiction or entitlement to relief.

For these reasons, this case is dismissed without prejudice. Plaintiff's Motion to Amend, ECF No. 3, is denied as futile. A separate Order accompanies this Memorandum Opinion.

Date:  August 26, 2025            _____/s/_____
                                                     JIA M. COBB
                                        United States District Judge